**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                     **CRIMINAL NO.: 5:19-CR-11-DCB-FKB**

**ARTHUR WILSON**                                   **DEFENDANT**

## ORDER

This matter comes before the Court on Defendant Arthur Wilson ("Wilson")'s Motion to Dismiss (Doc. 8), Motion to Declare the Indictment Defective Due to Duplicity (Doc. 7), and Motion to Suppress and/or Exclude (Doc. 6). This Court held a hearing on the aforementioned motions on October 21, 2019. Having read the Motions, memoranda in support, applicable statutory and case law, heard the arguments by the Government and Defendant, and otherwise being fully informed in the premises finds that the Defendant's Motions should be DENIED.

## Background

On August 21, 2018, Defendant Wilson was indicted in criminal case no. 5:18-cr-16-DCB-LRA on one count of conspiring with others to distribute and possess with intent to distribute 50 grams or more of methamphetamine. A warrant was issued for his arrest, and Defendant Wilson was arrested on September 27, 2018. On March 19, 2019, the Government filed a superseding indictment in criminal case number 5:18-cr-16-DCB-LRA. On July

1

24, 2019 – approximately ten months later – the Government filed a new indictment against Defendant Wilson in criminal case no. 5:19-cr-11-DCB-LRA. That indictment states that Defendant Wilson, "conspired with others to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and less than 50 kilograms of marijuana, a Schedule I controlled substance."

The Defendant argues that these allegations are "exactly the same," that they are based on the same set of facts and same evidence, and that the only difference between the two indictments is that the government has added the charge of conspiring to distribute and possess with intent to distribute less than 50kg of marijuana. [ECF No. 8] at p. 2. According to the Defendant, this additional charge is not based on any new information or new evidence. Both indictments allege a single count of conspiracy to violate 21 U.S.C. § 841.

The second indictment was filed ten months after Defendant Wilson was arrested on these charges. The Defendant argues that dismissal is appropriate because the indictment was not filed within 30 days from the date on which the Defendant was arrested… in connection with such charges. See 18 U.S.C.A. §3161(b).

## Discussion

**Motion to Dismiss**

The Government submitted a supplemental response to the oral argument propounded by the Defendant in relation to the defense's Motion to Dismiss [ECF No. 8]. See [ECF No. 15]. In that response, the Government addresses both the 30-day arrest-to-indictment clock and the 70-day Speedy Trial clock. The Court finds that the Government's position is well-taken.

The Speedy Trial Act, 18 U.S.C.A. § 3161(b) & (c)(1) states:

> **(b)** Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days."

> **(c)(1)** In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

3

Section 3162(a)(1) sets forth the sanction for noncompliance with § 3161(b):

> "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against the individual contained in such complaint shall be dismissed or otherwise dropped."

The defendant argues that, given his arrest on the first indictment in Cause No. 5:18-cr-16-DCB-LRA, the indictment in Cause No. 5:19-cr-11-DCB-FKB must have been returned within 30-days of the initial indictment. The defendant bases that argument on his assertion that the allegations in the two cases are "exactly the same," and are "based on the same set of facts and same evidence." [ECF No. 8] at p. 2. The difference between the two indictments is that under the newest indictment, "the Government has added the charge of conspiring to distribute and possess with an intent to distribute less than 50 kg of marijuana." Id. The defendant argues that, since the two charges are essentially the same, the second indictment must have been filed within 30-days from the date the defendant was arrested in connection with such charges, i.e., 30-days from September 27, 2018, the day Wilson was arrested.

The Government argues that where a defendant is charged by indictment, the 30-day clock does not apply. See United States

v. Meade, 110 F.3d 190, 200-01 (1st Cir. 1997)("Because the second prosecution commenced with an indictment, not an arrest, it simply did not trigger S 3161(b)'s arrest-to-indictment limitation."); see also, United States v. DeJohn, 368 F.3d 533, 539 (6th Cir. 2004)("[W]here no arrest warrant or criminal complaint is outstanding, the thirty-day clock does not run.") The Fifth Circuit has explained the 30-day clock is intended to "force the Government to elect to proceed against the arrestee or to release him. This purpose is served when the indictment is returned…." United States v. Perez, 845 F.2d 100, 102 (5th Cir. 1988).

The Fifth Circuit recognizes two kinds of allegedly untimely indictments:

> "First, a defendant is charged in a complaint, arrested, and timely indicted for the offense charged in the complaint. Later (and after the STA period has run), a superseding indictment charges new offenses not contained in the complaint. United States v. Bailey, 111 F.3d 1229 (5th Cir.1997); United States v. Giwa, 831 F.2d 538 (5th Cir.1987).
>
> Second, a defendant is charged in a complaint, arrested, and timely indicted for an offense not charged in the complaint. Later (and after the STA period has run), a superseding indictment alleges the offense charged in the complaint. Martinez-Espinoza, 299 F.3d at 415–16; United States v. Perez, 217 F.3d 323 (5th Cir.2000)."

United States v. Phipps, 319 F.3d 177, 182 (5th Cir. 2003). As the prosecution notes, in each situation, the defendant is

5

charged in a complaint and arrested. This Court agrees that it is a prerequisite that the defendant be charged in a complaint and arrested for the initiation of the 30-day pre-indictment clock.

After reviewing the chronology of events, it is beyond dispute that the first indictment satisfied the thirty-day limit of § 3161(b). In the second case, Cause No. 5:19-cr-11-DCB-FKB, there is no criminal complaint or arrest warrant outstanding. This action was commenced upon the filing of an indictment, and not a criminal complaint or arrest. Therefore, the purpose of the 30-day period – to ensure that the defendant is not "held under an arrest warrant for an excessive period without receiving formal notice of the charge against which he must prepare to defend himself" – has been satisfied in this case.

Moreover, the 70-day speedy trial clock has not expired for either pending indictment. In Cause No. 5:18-cr-16-DCB-LRA, the Speedy Trial clock has been tolled and there remain 48 days available. [ECF No. 15] at p 4. As to the Cause No. 5:10-cr-11-DCB-FKB, there are 32 days remaining. Id. at p. 5. The Court agrees with the government that, since no aspect of the Speedy Trial clock has expired for the first indictment the second indictment cannot be considered gilded so as to evade the time limitations of the Speedy Trial Act. Therefore, the Defendant's

6

Motion to Dismiss on the grounds of a Speedy Trial Act violation is DENIED.

**Motion to Declare Indictment Defective**

The Defendant is indicted on one count of conspiracy that alleges two violations of a single federal drug statute, 21 U.S.C. § 841(a)(1). The two violations are: (1) conspiracy to distribute and possess with intent to distribute less than 50 kilograms of marijuana, and (2) conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. The Fifth Circuit has held, "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" <u>United States v. Cooper</u>, 966 F.2d 936, 939 (5th Cir. 1992). Therefore, in this case, the indictment's charge of conspiracy to commit several crimes is not duplicitous.

Both violations are encompassed by § 841(a)(1). However, as the Defendant correctly asserts, the sentence range for conspiracy to distribute and possess with the intent to distribute less than 50 kilograms of marijuana is significantly lower than the sentence range for conspiracy to distribute and possess with the intent to distribute 500 grams or more of a

7

mixture and substance containing a detectable amount of methamphetamine.

Defense counsel and the prosecution met with the undersigned on December 10, 2019 to discuss jury instructions and special verdict form, so as to resolve any ambiguities regarding the applicable sentencing range. As this issue shall be resolved through the abovementioned documents, the Defendant's Motion to Declare the Indictment Defective is DENIED.

**Motion to Suppress and/or Exclude**

The Defendant requests that the Court exclude a disc labeled "1-F, Recorded Calls-Wilson" that contains recordings of approximately eight (8) phone calls from the dates of March 8, 2019 through May 20, 2019. [ECF No. 6] at p. 1. The Defendant asserts that the calls are a violation of Defendant Wilson's Sixth Amendment rights. The Defendant bases this assertion on "the fact that the recorded calls were given directly to the Government, one can only assume that they were recorded at the direction of the Government or law enforcement by someone working on behalf of the Government." Id. at p. 2. The Defendant asserts this is a Massiah violation, which occurs when someone acting at the request of the Government deliberately elicits incriminating statements about a charged offense. See Maine v.

Moulton, 474 U.S. 159, 176–77 (1985). "[A] criminal defendant may not have 'used against him at his trial evidence of his own incriminating words, which federal agents had deliberately [and surreptitiously] elicited from him after he had been indicted and in the absence of his counsel.'" United States v. Fields, 761 F.3d 443, 477-478 (5th Cir., 2014).

The Government asserts that it did not violate the Defendant's Sixth Amendment right to counsel. The Defendant failed to meet his burden and demonstrate that the Government and their informant "took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks." Kuhlmann v. Wilson, 477 U.S. 436, 459 (1986). As evidenced by the recordings, the Defendant initiated the conversations at issue. [ECF No. 9] at p. 2.

However, even in the event that the Defendant's Sixth Amendment right to counsel has been violated, that does not necessarily prevent the Government from using the recordings for purposes of cross-examination or impeachment if the Defendant testifies. The Government has not made a 404(b) Motion pursuant to the Federal Rules of Evidence, but should the Government choose to do so the Court will hold a conference outside of the presence of the jury to determine the admissibility of the evidence.

The Government correctly asserts that there is no requirement for it to provide to the Defendant a theory of admissibility or a description of the intended use of the Defendant's statements. The Government must demonstrate that the statements at issue are admissible under the Federal Rules of Evidence and lay the necessary predicate before seeking to admit any statements made by the Defendant into evidence before the jury. As such the Defendant's Motion to Suppress/Exclude is premature and is therefore DENIED.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss [ECF No. 8] is DENIED, the Motion to Declare Indictment Defective [ECF No. 7] is DENIED, and the Motion to Suppress and/or Exclude [ECF No. 6] is DENIED.

SO ORDERED AND ADJUDGED this the 20th day of December, 2019.

    _/s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE