IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ARTHUR WILSON                                                    DEFENDANT

v.                                 CRIMINAL NO. 5:19-cr-11-DCB-FKB

UNITED STATES OF AMERICA

## ORDER

Before the Court is Defendant Arthur Wilson's Motion in Limine [ECF No. 20]. The Court, having read the Motion, Response, applicable statutory and case law, and being otherwise fully informed in the premises finds as follows:

The Defendant moves to exclude the Government from "eliciting testimony or introducing evidence of other unrelated and non-relevant criminal activities allegedly committed by Sammy Wright." [ECF No. 20]. At issue are "a video, photos, audio recordings, and documentation that show an alleged drug transaction by Sammy Wright to an unknown confidential informant." Id. Defendant claims that the evidence is not relevant and that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Defendant also asserts that the evidence should be excluded as hearsay.

The Government alleges that Defendant Wilson conspired to supply controlled substances to coconspirators for further sale

1

and/or distribution in the Southern District of Mississippi. Defendant Wilson allegedly shipped packages of contraband to the Southern District of Mississippi, at which point Jimmy Lee Swearengen allegedly distributed that contraband to others in the Southern District of Mississippi to be sold and/or distributed. One of the persons Jimmy Lee Swearengen allegedly provided the contraband to, for the purpose of selling/distributing, was Sammy Wright.

This material is relevant inasmuch as Defendant Wilson is charged with being a member of a conspiratorial agreement regarding the illegal drugs at issue in this case. Once a conspiracy has been shown, proof of an overt act done in furtherance of conspiracy establishes the guilt of each member. See United States v. Fontenot, 483 F.2d 315, 322 (5th Cir. 1973)("once the unlawful agreement is shown, proof of a single overt act in furtherance of that agreement by a single conspirator establishes the guilt of each member of the conspiracy.") It is "unnecessary to show that any other conspirator was present at the commission of that overt act." Id. Additionally, "[t]he members of a conspiracy which functions through a division of labor need not have an awareness of the existence of the other members, or be privy to the details of each aspect of the conspiracy." United States v. Morris, 46 F.3d

410, 416 (5th Cir. 1995)(internal citation omitted). As the Fifth Circuit has made clear:

> "the existence of a single conspiracy will be inferred where the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect or to the overall success of the venture, where there are several parts inherent in a larger common plan." Id. at 416.

Supply chains illustrate this principle. Therefore, proof that Sammy Wright sold or distributed methamphetamine or marijuana provided to him by Jimmie Lee Swearengen, as a component of the contraband allegedly shipped into the Southern District of Mississippi by Defendant Wilson, is relevant to Defendant Wilson's alleged culpability in an overarching conspiratorial agreement.

The fact that Sammy Wright is not named as a coconspirator in the indictment is immaterial. The indictment clearly charges a conspiracy with "others known and unknown to the Grand Jury." [ECF No. 1]. See United States v. Hughes, 817 F.2d 268, 272 (5th Cir. 1987)(finding no prejudice to the Defendant when the Government provided one or more days notice of its intent to call unnamed coconspirators as witnesses and disclosed the coconspirators' names). Accordingly, to the extent that the Government shows the actions taken by Sammy Wright were a part of the overarching conspiracy involving Arthur Wilson, the

evidence will not be excluded under Federal Rules of Evidence 401 or 403.

The Defendant also claims that the evidence should be excluded as hearsay pursuant to Federal Rules of Evidence 801 and 802. This argument is premature. Accordingly, the Motion in Limine is denied. Objections may be made at trial, outside the presence of the jury, and the Court will make such rulings as are appropriate.

Accordingly,

Defendant's Motion in Limine [ECF No. 20] is DENIED.

SO ORDERED this the 21st day of April, 2020.

    ___/s/ David Bramlette_____
    UNITED STATES DISTRICT JUDGE