IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

v.                                        CAUSE NO. 5:19-cr-11-DCB-FKB

ARTHUR WILSON                                               DEFENDANT

ORDER

This matter is before the Court on the United States (the "Government")'s Motion for Intradistrict Transfer of Trial. [ECF No. 29]. The Defendant submitted an email to the Court that describes his objections to a possible transfer. Having read the Motion, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds the Motion to be well taken.

Background

Defendant Wilson's trial is scheduled to begin on August 31, 2020 in Natchez, Mississippi. The trial was continued from an original start date of March 16, 2020 because of the COVID-19 pandemic. Wilson was indicted with four co-conspirators, each of whom are detained in the Madison County jail, in Canton, Mississippi. All three co-conspirators are expected to be called to testify by the United States as material witnesses at trial. The U.S. Marshal Service bears the responsibility of producing the co-conspirators for trial as they are in federal custody.

1

The Government now moves to transfer the trial from the federal courthouse in Natchez, Mississippi to the Federal Courthouse in Jackson, Mississippi. The Natchez Courthouse is in the Western Division of the Southern District of Mississippi whereas the Jackson Courthouse is in the Northern Division of the Southern District of Mississippi. The distance between the two courthouses is approximately 115.7 miles, which equates to a driving time of roughly two hours, or four hours roundtrip.

## Discussion

Rule 18 of the Federal Rules of Criminal Procedure governs intradistrict transfer and states:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

A district court has "broad discretion in determining whether [an intradistrict] transfer is warranted." United States v. Alvarado, 647 F.2d 537, 539 (5th Cir. 1981). The Fifth Circuit has held that when the government is the party seeking an intradistrict transfer of a trial, it must state a "legitimate" reason for the requested transfer. See United States v. Osum, 943 F.2d 1394, 1400 (5th Cir. 1991). A district court may consider the convenience of the defendant and the witnesses, the prompt administration of justice, docket

2

management, logistics, whether a courthouse meets a trial's

security requirements or other facilities needs, the amount of

jail space, and the adequacy of security arrangements available

for defendants or witnesses. See United States v. Lipscomb, 299

F.3d 303, 342-43 (5th Cir. 2002). A court may not transfer a

case if the defendant makes a strong showing that the action

would be prejudicial. Osum, 943 F.2d at 1399.

   In this case, the government puts forth numerous reasons that

would support a transfer. These reasons include, but are not

limited to, the following:

(1)   the United States Marshals Service has informed the
      United States Attorney's Office that "under the current
      necessary health and safety restrictions resulting from
      the COVID-19 pandemic, conducting the trial in Natchez,
      MS, would create additional risk to the health and safety
      of the federal detainees who are material witnesses for
      trial, and would cause significant hardship for the USMS
      [United States Marshals Service] to produce those
      witnesses without impeding the pace and progress of the
      trial;" [ECF No. 29] at 2-3.
(2)   the Madison County jail has the ability to segregate
      detainees from any COVID-19 exposure during movement for
      testimony at trial, but the "Adams County jail may not
      have that capability depending on the volume of its
      inmate population at the time of trial;" Id. at 3.
(3)   the Marshals Service has indicated that, should it be
      required to provide daily roundtrip transport of the
      Canton detainees to Natchez, it would need to engage the
      services of contractors because the Marshal Services will
      lack the necessary manpower and resources to conduct the
      transport – the Marshals will have no such concerns in
      transporting the detainees to the Jackson courthouse. Id.
      at 4.

3

(4)   the government has identified approximately 20 additional
      witnesses that may testify at trial, roughly half of whom
      reside out of state, including but not limited to
      Jamaica, California, Colorado, Michigan, Maryland, Texas,
      Florida, Georgia, and Virginia. These witnesses will, in
      many instances, be flying into the Jackson-Evers
      International Airport in Jackson, Mississippi. As the
      government states, "[g]iven the ongoing impact of the
      COVID-19 virus to the district, conducting the trial in
      Jackson better affords the expeditious movement of these
      witnesses in and out of the district." Id. 4-5.

The Defendant opposes transfer because he has family in Natchez,

Mississippi with whom he can stay during the trial. However,

Wilson's defense counsel resides near the Jackson, MS area.

Additionally, having the trial in Jackson will not prejudice any

of the Defendant's witnesses inasmuch as he has not indicated

that he will be calling any to testify. The Defendant can mount

his defense in Jackson just as well as he can in Natchez. Wilson

has not demonstrated prejudice to prevent an intradistrict

transfer.

The Chief Judge for the Southern District as well as the

District Court Clerk have promulgated guidelines to promote the

safety of the court staff, the jury, witnesses, attorneys, court

reporter and others. Recently, measures have been taken in the

Southern Division at Gulfport, Mississippi to accommodate those

health issues and concerns. The courthouse in Natchez is

considerably less spacious than the courthouses in Gulfport and

Jackson, and it is not large enough to accommodate the distance

measures which are desirable and necessary to protect the health
of all concerned.

Rule 18 requires the trial court to duly consider any
resulting inconvenience to the Defendant. In this case, the
factors weigh in favor of transferring the trial, despite any
minor inconvenience to the Defendant. See United States v.
Kaufman, 858 F.2d 994, 1006 (5th Cir. 1988)(finding that travel
and lodging expenses for lawyers and witnesses do not constitute
prejudice sufficient to overcome a district court's
determination regarding the place of trial); see also, Alvarado,
647 F.2d at 539 (finding that the prejudicial effects of
"imposing additional travel and lodging expenses upon [the
defendants] and their attorneys..." did not rise to the level
necessary to prove the trial judge abused his discretion in
transferring venue.)

Here, the logistics – as complicated by the COVID-19
pandemic – support the Government's assertion that it would be
in the best interest of judicial economy to conduct the trial in
Jackson, Mississippi. Having weighed the appropriate
considerations as required by the governing law and the rule of
procedure, the Court finds the Government's position to be well
taken.

Accordingly,

IT IS HEREBY ORDERED that the United States' Motion [ECF No. 29] is GRANTED.

SO ORDERED this the 8th day of July, 2020.

_____/s/ David Bramlette_____

UNITED STATES DISTRICT JUDGE