UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

V.                                                        CRIMINAL NO. 5:19-CR-11-KHJ-FKB

ARTHUR WILSON

ORDER

Before the Court is the Government's Omnibus Motion in Limine [82]. For the following reasons, the Court grants the motion.

I.   Background

On July 24, 2019, Defendant Arthur Wilson was indicted for conspiring to distribute and possess with intent to distribute methamphetamine and marijuana. [1]. On September 21, 2021, a federal grand jury returned a superseding indictment, adding a money laundering conspiracy charge against Wilson. [44]. This case is currently set for trial on August 22, 2022. The Government has now filed an omnibus Motion in Limine. Wilson does not oppose the motion.

II.   Standard

The purpose of a motion in limine is to preclude opposing counsel from "mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial

influence on the jurors' minds." *Parker v. Tyson Foods, Inc.*, 499 F. Supp. 3d 297, 299 (S.D. Miss. 2020) (quoting *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977)). Though the granting of a motion in limine "does not preclude the party sponsoring the evidence from revisiting the issue at trial," the issue must be raised "outside the jury's presence." *Id.* (quoting *United States v. Beasley*, No. 3:20-CR-36-DPJ-LRA, 2020 WL 6438255, at *1 (S.D. Miss. Nov. 2, 2020)).

III. Analysis

The Government moves the Court to preclude Wilson from mentioning, eliciting from any witness, or attempting to elicit from any witness, information relating to the following topics in the presence of the jury without first obtaining the Court's permission. [82] at 1.

    a. Presence or Absence of Witnesses

The Government asks the Court to preclude Wilson from mentioning, eliciting, attempting to elicit testimony regarding the "presence or absence of any particular person on the Government's witness list, or the Government's plan to call or not call a particular witness." *Id.* Accordingly, the Government requests that Wilson should be precluded from commenting on or asking the jury to draw any negative inference from the absence of a particular witness. *Id.* at 2.

    b. The Use of Reports by Law Enforcement to Impeach Government Witnesses

The Government asks the Court to prevent Wilson from using FBI 302 Reports, ATF Reports of Investigation, DEA-6 Reports, and Mississippi Bureau of

Narcotics Reports of Investigation to impeach Government witnesses on the basis of inconsistent statements. [82] at 2.

    c. Out-of-Court Statements

The Government seeks to prevent Wilson from introducing out-of-court statements offered to prove the truth of the matter asserted, *i.e.* hearsay. *Id.* at 6.

    d. Discovery Disputes

The Government asks the Court to handle discovery disputes outside the presence of the jury. [82] at 6.

    e. Government Misconduct

The Government asks the Court to order Wilson to raise any allegations of misconduct by a prosecutor or agent outside the presence of the jury. *Id.*

    f. Others Charged

The Government requests that the Court exclude whether other persons have or have not been charged in this, or any other, case as irrelevant to the guilt or innocence of Wilson in this case. *Id.*

    g. Jury Nullification

The Government asks the Court to preclude Wilson from making any argument that encourages jurors to ignore the law, not follow this Court's instruction, or otherwise violate their oath as jurors, including any arguments about Wilson's age, health, education, or family needs intended to invoke sympathy from the jury. [82] at 7.

h. Potential Sentence

The Government requests that the Court preclude Wilson from making any reference related to the potential punishment or any other consequences from a conviction. *Id.* at 7–8

i. Defense Counsel's Opinions of Defendant

The Government asks the Court to exclude all comments or arguments related to Wilson's counsel's opinions of, or relationship with, Wilson as irrelevant. *Id.* at 8.

j. Specific Evidence of Prior Good Acts

The Government argues that specific instances of Wilson's good conduct or good character are irrelevant to the conduct charged in the Indictment. [82] at 8. Specifically, the Government contends that whether Wilson was an otherwise law-abiding citizen is not probative of his conduct in connection with the crime charged in this case. *Id.* Accordingly, the Government argues that such conduct should be excluded from trial. *Id.* at 9.

k. Motions

The Government requests that the Court preclude Wilson from making any reference to the existence or content of the Government's motions and any of order of this Court in response to those motions.

l. Racially Sensitive Remarks

Finally, the Government asks the Court to interject in the presence of the jury if Wilson makes racially sensitive remarks during trial.

II. Conclusion

The Court GRANTS the Government's Omnibus Motion in Limine [82] as unopposed. It is granted that both parties are precluded from mentioning, eliciting from any witness, or attempting to elicit from any witness information relating to: (1) unavailable witnesses; (2) reports by federal law enforcement; (3) out-of-court statements; (4) discovery disputes; (5) Government misconduct; (6) others charged in this or other cases; (7) jury nullification; (8) potential punishment or consequences; (9) defense counsel's opinion of Wilson; (10) specific instances of prior good acts; (11) other motions filed in this case; and (12) racially sensitive remarks. [82].

SO ORDERED this the 18th day of August, 2022.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
